UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MANUEL VEGA REYES** | **CIVIL DOCKET NO. 6:22-cv-05685** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ALPINE TRANSPORTATION INSURANCE RISK RETENTION GROUP, INC., ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## RULING AND ORDER

Before the Court is a MOTION TO SUBMIT VIDEO TRIAL DEPOSITION OF DR. GERARDO ZAVALA AND/OR MOTION TO CONTINUE TRIAL (the "Motion") [Doc. 47] filed by Plaintiff, Manuel Vega Reyes (hereinafter, "Plaintiff"). An Opposition, [Doc. 46], was filed by Defendants, Alpine Transportation Insurance Risk Retention Group, Inc., Camas Carrier, LLC, and Irenildo Marquez (collectively, "Defendants"). For the following reasons, Plaintiff's Motion is DENIED.

Plaintiff seeks the introduction of Dr. Zavala's video trial testimony in lieu of live testimony at trial on grounds Dr. Zavala has – without further explanation – become suddenly unavailable to attend trial in person. Alternatively, Plaintiff seeks a trial continuance. The Motion is denied under FRCP 16(b)[1] for the following reasons.

---

[1] Federal Rule of Civil Procedure 16(b) states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Whether to grant or deny a continuance is within the sound discretion of the trial court." *Konrick v. Exxon Mobile Corp.*, 2015 WL 13532722, at *1 (E.D. La. June 9, 2015), *citing United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In determining whether to allow a modification of a scheduling order, a court must consider: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the

First, the Amended Scheduling Order, [Doc. 28], states that trial depositions, as well as any objections thereto, must be submitted seven days before the pre-trial conference, a deadline that has long since lapsed. *Id*. at p. 4. Second, when undersigned questioned counsel at the pre-trial conference about whether medical witnesses would be available to testify at trial, the Court was told that they would be present. Third, the trial of this matter is set to begin in less than a week, and allowing video testimony would be prejudicial to Defendants at this late date – especially given Plaintiff's late-filed Rule 26(a)(2)(C) disclosures of Dr. Zavala's expected testimony. Finally, deposition testimony at trial is disfavored by the Court absent sufficient grounds and the requisite showing.[2] Authorization to use such testimony is only allowed by leave of court. Considering the foregoing, Plaintiff's request to use video testimony for Dr. Zavala is denied, as is Plaintiff's Motion for Continuance, which has already been considered and denied by the Court.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's request is in violation of the Amended Scheduling Order, [Doc. 28], and would subject Defendants to unfair prejudice.

---

amendment; and (4) the availability of a continuance to cure such prejudice." *See Meaux Surface Prot., Inc. v. Fogleman,* 607 F.3d 161, 167 (5th Cir. 2010).

[2]  The Court's Amended Scheduling Order provides that testimonial evidence *shall be presented by live testimony* absent leave of Court. [Doc. 28, p. 5].

Accordingly,

IT IS HEREBY ORDERED that Defendant's MOTION TO SUBMIT VIDEO TRIAL DEPOSITION OF DR. GERARDO ZAVALA AND/OR MOTION TO CONTINUE TRIAL [Doc. 47] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 11th day of December 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE