UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MANUEL VEGA REYES** | **CIVIL DOCKET NO. 6:22-cv-05685** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ALPINE TRANSPORTATION INSURANCE RISK RETENTION GROUP, INC., ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR A JUDGMENT AS A MATTER OF LAW AND, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL (the "Motion") [Doc. 71] filed by Plaintiff Manuel Vega-Reyes ("Plaintiff"). Defendants, Alpine Transportation Insurance Risk Retention Group, Inc., Camas Carrier, LLC, and Irenildo Marquez ("Defendants"), oppose the Motion [Doc. 74]. For the following reasons, Plaintiff's Motion is DENIED.

This Court conducted a two-day jury trial in this matter on December 16-17, 2024, at the conclusion of which the jury rendered a verdict in favor of Defendants. In the instant Motion, the Plaintiff seeks a judgment in his favor as a matter of law pursuant to FRCP 59, or alternatively, a new trial pursuant to FRCP 60.

**I. FRCP 50**

As Defendants point out, Plaintiff's Motion pursuant to Rule 50(b) is procedurally improper, as FRCP 50(b) expressly provides for the post-trial renewal of a Rule 50(a) trial motion and Plaintiff made no 50(a) motion at the close of evidence in this matter. *See, e.g., McCann v. Texas City Ref., Inc.*, 984 F.2d 667, 671 (5th Cir. 1993) (it is well established that a party waives the right to challenge the sufficiency

of the evidence with a JNOV unless a motion for directed verdict is made or renewed at the close of all evidence…. [t]he district court should not have even considered Hill's motion for JNOV). The only exception to this principle is found in the plain error standard, under which the Court must first review the record to see if there is any evidence supporting the jury's verdict. In *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, the Fifth Circuit discussed the standard for a Rule 50(b) motion after a jury verdict:

> [O]ur standard of review with respect to a jury verdict is especially deferential. A party is only entitled to judgment as a matter of law on an issue where no reasonable jury would have had a legally sufficient evidentiary basis to find otherwise. In evaluating the evidence, this court credit[s] the non-moving party's evidence and disregard[s] all evidence favorable to the moving party that the jury is not required to believe.

930 F.3d 647, 653 (5th Cir. 2019) (citations and quotations omitted). Thus, the Fifth Circuit has made it clear that when a jury has rendered its verdict, that verdict should not be disturbed absent strong, overwhelming evidence that shows a reasonable jury could not reach the opposite conclusion. *Gaddy v. Taylor Seidenbach, Inc.*, 446 F.Supp.3d 140, 151 (E.D. La.), *aff'd sub nom. Adams v. Ethyl Corp.*, 838 F. App'x 822 (5th Cir. 2020), *citing Apache*, 930 F.3d at 653. *See also Flowers v. S. Reg'l Physician Servs. Inc.,* 247 F.3d 229, 235 (5th Cir. 2001) (a district court must deny a motion for judgment as a matter of law "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion).

Here, the Plaintiff acknowledges that the jury heard competing expert testimony and apparently credited the testimony of defense expert, Dr. Kevin Watson, more than the testimony of Plaintiff's expert, Dr. Gerardo Zavala. Dr. Watson testified that the Plaintiff's injuries were not caused by the July 16, 2021, accident at issue in this case, but rather were the result of degenerative changes in his cervical and lumbar spine. Dr. Watson further testified that, while it is impossible to determine when those degenerative changes started, they were not acute and traumatic and were, therefore, not caused by the parking lot accident at issue in this case. Dr. Watson's trial testimony and medical opinion form a sound basis of support for the jury's verdict, and the Plaintiff has presented no overwhelming evidence that points so strongly in his favor that reasonable jurors could not reach a contrary conclusion. Therefore, the Court must deny the Motion.

## II.   FRCP 59

Alternatively, the Plaintiff seeks a new trial under FRCP 59(a), which permits a district court to grant a new trial "on all or some of the issues after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). In *Rolfe v. Am. Ins. Co.*, the court explained:

> In an action based on state law but tried in federal court by reason of diversity of citizenship, a district court must apply a new trial or remittitur standard according to the state's law controlling jury awards for excessiveness or inadequacy. *See Fair v. Allen*, 669 F.3d 601, 604 and *Foradori v. Harris*, 523 F.3d 477, 498 (5th Cir. 2008). Louisiana provides a new trial "[w]hen the verdict or judgment appears clearly contrary to the law and the evidence," La. Code Civ. P. art. 1972, and permits the court to grant a new trial "in any case if there is good ground therefor, except as otherwise provided by law," *Id.* art. 1973. The Fifth Circuit has explained that "despite permitting a trial court to review the

> jury's credibility determinations, Louisiana gives the jury high deference ... and provides a new trial 'when the verdict or judgment appears clearly contrary to the law and the evidence.'" ... Louisiana courts still accord jury verdicts great deference. *Fair v. Allen*, 669 F.3d at 604.

2023 WL 5280942, at *1 (W.D. La. Aug. 16, 2023), *appeal dismissed*, 2023 WL 10407424 (5th Cir. Oct. 27, 2023). A district court has discretion to grant a new trial under Rule 59(a) of the Federal Rules of Civil Procedure when it is necessary to do so "to prevent an injustice." *Seibert v. Jackson Cnty., Mississippi*, 851 F.3d 430, 438 (5th Cir. 2017), *citing United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993). Here, the Plaintiff has not shown "an absolute absence of evidence to support the jury's verdict," nor is the verdict otherwise clearly contrary to the law and the evidence. Accordingly, there is no basis for a new trial.

Considering the foregoing,

IT IS HEREBY ORDERED that Plaintiff's MOTION FOR A JUDGMENT AS A MATTER OF LAW AND, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL [Doc. 71] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 24th day of January 2025.

*[signature: David C. Joseph]*
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE